ESTHER T. HEARD v. M. NORTHINGTON AND B. D. DASHIELL, EX'RS, &c.

1. PENSION BONDS FORM PART OF ESTATE OF PENSIONER.—The Probate act of 1870, (Paschal's Dig., 5487,) declaring that "the property reserved from forced sale by the Constitution and laws of this State, or its value if there be no such property, does not form any part of the estate of a deceased person where a constituent of the family survives," does not apply to a pension warrant issued to a veteran soldier during his lifetime under the pension law of 1874. (Gen. Laws 14th Leg., 1874, p. 114.)
2. APPROVED.—Hubbard *v.* Horne, 24 Tex., 270, approved.

APPEAL from Washington.   Tried below before the Hon. E. B. Turner.

This suit was instituted on the 25th of September, 1876, by the widow and sole surviving constituent of the family of the decedent, W. J. E. Heard, against the appellees, executors of said decedent, to recover the value of certain pension bonds, eight in number, each for $100, and one for $70, issued to decedent under the act of April 21, 1874, and which were in the possession of plaintiff at the death of decedent on the 8th of August, 1874, and afterwards, on or about the 7th of October, 1874, came into the possession of defendants, by whom they were claimed and used as assets of the estate for the purposes of administration.   The estate was solvent. An account for the bonds so held and converted was presented to the executors, and by them rejected, on the 12th of

September, 1876. The defendants answered by a general demurrer and a general denial. Other and special defenses were pleaded. On the 3d of July, 1877, the case was submitted to the court upon the law and facts, and judgment rendered for the defendants, from which this appeal is prosecuted.

*Sayles & Bassett*, for appellant.

I. The pension bonds issued under the act of April 21, 1874, are exempt from forced sale. (Paschal's Dig., 7200*c*; Gen. Laws 1874, sec. 15, p. 118.)

II. Property exempt from forced sale by the Constitution and laws of this State cannot be disposed of by the will of the husband so as to defeat the right of the surviving widow thereto. (Green *v.* Crow, 17 Tex., 180; Runnels *v.* Runnels, 27 Tex., 515.)

III. Property reserved from forced sale by the Constitution and laws of this State, or its value if there be no such property, does not form any part of the estate of a deceased person when a constituent of the family survives. (Paschal's Dig., 5487.)

In connection with this proposition, there is to be considered the admission in the statement of facts that the decedent died on the 8th of August, 1874; that the bonds were delivered to one of the executors on his demand on the 7th of October, 1874; that they were inventoried as assets of the estate, and that they have since been sold for the face value by the executors, except the fractional bond for $70, which is still on hand, and the proceeds of the bonds sold have been applied to the payment of the debts of the estate.

This proposition involves three minor propositions—

1. The plaintiff in this case is the sole surviving constituent of the family of the decedent. (James *v.* Thompson, 14 Tex., 463; Lockhart *v.* White, 18 Tex., 102; Hoffman *v.* Newhaus, 30 Tex., 633; Wilson *v.* Cochran, 31 Tex., 677.)

In this connection, is to be considered the admission in the

statements of facts, "that at the death of W. J. E. Heard, he and his wife, the present plaintiff, were living as they had previously been doing, with no member of the family living with them, both of the children of W. J. E. Heard by his first marriage having been married for several years, living with their families in their respective homes," and "that plaintiff had no children by the said Heard."

2. That property not subject to administration can be recovered by suit in the District Court, by the party entitled to its possession. (Sossaman *v.* Powell, 21 Tex., 664; Little *v.* Birdwell, 21 Tex., 597.)

3. Plaintiff is not estopped by the will of her deceased husband from claiming the bonds in question as exempt property.

An acceptance under the provisions of the will must be shown, in order to operate as a waiver of rights; and such an election could not be presumed until the estate was settled and ready for distribution. (Carroll *v.* Carroll, 20 Tex., 731; Philleo *v.* Holliday, 24 Tex., 38.)

IV. Plaintiff is not estopped by the order of the Probate Court of October 28, 1874, setting apart certain exempt property, from claiming the pension bonds for which this suit is brought. (Dunham *v.* Chatham, 21 Tex., 231; Carroll *v.* Carroll, 20 Tex., 731; Little *v.* Birdwell, 21 Tex., 597; Philleo *v.* Holliday, 24 Tex., 38.)

In connection with this proposition, is to be considered the admission in the statement of facts, that no application for the order setting apart exempt property was made by plaintiff, but that said order setting apart exempt property was made by the court, at the instance of the defendants or of the probate judge.

*P. N. & J. T. Swearingen*, for appellees.—In answer to appellant's first proposition, "that the bonds issued under the act of April 21, 1874, are exempt from forced sale," we say that they are, by the express terms of the act, exempt from

attachment, garnishment, and forced sale, only so long as they remain in the hands of the original owner. It was not the intent of the Legislature, in this special clause, to change the general law of descent, to alter the directions to administrators and executors, or limit section 27 of the Probate law of 1870. (Hubbard *v.* Horne, 24 Tex., 270.)

The proposition, "that property exempt from forced sale forms no part of the estate," is true in its application only to creditors.

The clause cited does not relieve the executor from taking possession of the estate for the purpose of administration, (see Paschal's Dig., art. 5487, sec. 27; Sayles' Probate Laws of Texas, secs. 121, 122, 124,) and does not apply to solvent estates.

The question whether property is of the quality or quantity to render it exempt, necessarily requires the exercise of judicial functions, which, in reference to property belonging to the estate of deceased persons, is committed to our Probate Court.

The proposition of appellant, "that property not subject to administration can be recovered by suit in the District Court," is not sustained by the authority cited. The case draws a distinction between real and personal property, and is to the effect that administration was not necessary to entitle the plaintiff in that case to bring suit to remove cloud from title to their homestead, as the subject was land, and also community property of plaintiff and decedent. (21 Tex., 664.)

We are cited to Dunham *v.* Chatham, 21 Tex., 231, and Little *v.* Birdwell, 21 Tex., 597, to sustain the proposition, "that plaintiff is not estopped by the order of the Probate Court."

The first case was by *certiorari.* The decision is upon the admissibility of parol evidence to affect the import of a deed and estoppel by acts.

The second is upon the question of concurrent jurisdiction and the conclusiveness of an inventory.

The question here is *res adjudicata,* the decree of a court

of competent jurisdiction directly upon the point in issue. ▪ It is conclusive against the plaintiff. (Dancy *v.* Stricklinge, 15 Tex., 557; Tadlock *v.* Eccles, 20 Tex., 782; Cannon *v.* Bonner, 38 Tex., 487.)

We insist that the constituents of a decedent's family cannot bring an original action in the District Court against an executor, pending administration, for the recovery of personal property not subject to forced sale, without showing that the estate is insolvent. (Little *v.* Birdwell, 27 Tex., 688; Sayles' Probate Laws of Texas, secs. 132, 133.)

The pension bonds issued under the act of April 21, 1874, exempting them from attachment, garnishment, and forced sale so long as they remain in the hands of the orignal owner, after the death of the original owner, whose estate is solvent, become assets in the hands of his executors. (Hubbard *v.* Horne, 24 Tex., 270.)

All the title that the orignal grantee (the testator) had to these pension bonds, was vested in the legatees by testator's will, subject only to his debts.

Executors are required to take possession of all the estate of their decedents, not excepting property exempt from forced sale. (Sayles' Probate Laws of Texas, secs. 27, 121, 122, 124. Read, also, this author's preface, second paragraph.)

It is the province of the Probate Court to determine what property belonging to the estate is exempt from forced sale, and who is entitled thereto. (Id., secs. 24, 26, 27; Connell *v.* Chandler, 11 Tex., 249; Mayman *v.* Reviere, 47 Tex., 357.)

The decree of the Probate Court, setting apart exempt property, &c., concluded plaintiff from recovery herein. (Dancy *v.* Stricklinge, 15 Tex., 557; Cannon *v.* Bonner, 38 Tex., 487.)

That it is not shown that the amount so allowed is insufficient. (Ross *v.* Smith, 44 Tex., 398.)

Plaintiff cannot secure the allowance, and, while retaining its benefits, sue for the bonds. (See Sayles' Probate Laws of Texas, sec. 125; Little *v.* Birdwell, 27 Tex., 688.)

ROBERTS, CHIEF JUSTICE.—We are of opinion that the statute of 1870, declaring that "the property reserved from forced sale by the Constitution and laws of this State, or its value if there be no such property, does not form any part of the estate of a deceased person where a constituent of the family survives," (Paschal's Dig., art. 5487,) does not apply to a pension warrant issued to a veteran soldier during his lifetime under the law of 1874, (see Gen. Laws of 1874, 14th Leg., p. 114,) because the latter law is a special provision for a particular class of persons; and the exemption therein contained from forced sale, while the warrant is in the hands of the original holder, is intended for the special personal benefit of such class while, and only while, it is in the hands of the original holder; and upon his death, not having been previously disposed of, it becomes property to be administered on as part of his estate, and does not come under the general exemption first recited, intended to be of universal and general application in reference to all estates.

The reasons for this opinion may be found more fully developed in a case substantially similar in principle relating to lands located under a San Jacinto bounty warrant, decided by this court, Chief Justice Wheeler delivering the opinion. (Hubbard *v.* Horne, 24 Tex., 270.) This is decisive of this case.

Judgment affirmed.

AFFIRMED.